IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ADRIAN PURNELL, #228 442, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:12-CV-1045-TMH |
| ) | [WO] |
| STATE OF ALABAMA, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a 42 U.S.C. § 1983 complaint filed by Plaintiff, an inmate currently incarcerated at the Easterling Correctional Facility in Clio, Alabama. Plaintiff seeks to abolish and repeal Ala. Code § 13A-5-9 claiming that said statute is violative of due process and equal protection. Plaintiff names as the defendant the State of Alabama. Upon review of the complaint, the court concludes that dismissal, of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

**I. DISCUSSION**

*A. The State of Alabama*

The Defendant State of Alabama is entitled to immunity from suit by the Eleventh

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (ruling the Eleventh Amendment barred an action against the State); *Papasan v. Allain*, 478 U.S. 265 (1986). The Eleventh Amendment's sovereign immunity "prohibits federal courts from entertaining suits by private parties against States and their agencies." *Pugh*, 438 U.S. at 781. Moreover, "a State is not a 'person' within the meaning of § 1983...." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65 (1989). Thus, Plaintiff's claims against this defendant are "based on an indisputably meritless legal theory" and are due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

B. The Complaint

Even if Plaintiff could name a proper defendant to his action, his complaint remains subject to dismissal. According to the allegations in the complaint, Plaintiff maintains that two sentencing schemes under Alabama state law create "double punishment" as well as ambiguity in punishment. The "two punishment statutes at play" are the Habitual Felony Offender Act under Ala. Code § 13A-5-9(b) and the Guideline Points System. As a result of these two available ranges of sentencing options, Plaintiff complains that state judges mete out punishment to criminal defendants based on their "personal predilections" which allows them "unfettered power" to punish some offenders more harshly than others.[2] (*Doc. No. 1*.)

---

[2] Ala. Code § 13A-5-9, the Habitual Felony Offender Act ["HFOA"], "provides that a criminal defendant who has been convicted of a felony and is convicted of another felony must be punished by an additional penalty. The term of the additional penalty is determined by the number and class of prior felonies as well as the class of the felony which invokes the imposition of the statute." *McLester v. Smith*, 1986, 802

Plaintiff references "Defendant A" and "Defendant B," both of whom he describes as hypothetically having third degree burglary convictions and prior felonies, in support of his claim that the "disparate sentencing practices" create unfairness.  Under Plaintiff's example, Defendant A, sentenced pursuant to § 13A-5-9, received a harsher sentence ("eternal" life) than Defendant B, who was presumably sentenced under the Guideline Points System.  Plaintiff, however, fails to allege much less indicate how the matter about which he complains has resulted in a violation of his constitutional rights.

A plaintiff must assert a legally cognizable injury in fact, whether real or threatened, before federal courts have jurisdiction. *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 218-19 (1974).  Standing involves two aspects.  The first is the minimum "case or controversy" requirement of Article III.  This requirement mandates that the plaintiff himself suffer actual or threatened injury resulting from the action challenged and that such injury is likely to be redressable in a judicial action.  *Warth v. Seldin*, 422 U.S. 490, 499 (1975).  In addition, the Supreme Court has established several requirements based on prudential considerations.  *See Saladin v. City of Milledgeville*, 812 F.2d 687 (11th Cir. 1987).  The prudential limitation applicable in this case is that a litigant may not assert the

---

F.2d 1330, 1332 (11th Cir. 1986).  Under the Alabama Sentencing Reform Act of 2003 ("the Act"), *see* Ala. Code § 12–25–31(a)(1) (as amended) , "a trial judge has discretion to either sentence a defendant pursuant to the voluntary sentencing standards or pursuant to the HFOA." *State v. Crittenden,* 17 So.3d 253, 259 (Ala.Crim.App. 2009).

legal rights or interests of another person. *Allen v. Wright*, 468 U.S. 737, 751 (1984).

Here, Plaintiff fails to allege infringement of any constitutional right to which he is entitled. His complaint is, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To the extent Plaintiff's allegation of disparate sentencing practices represents an attempt to challenge the conviction and/or sentence under which he is currently incarcerated, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks an immediate or speedier release." *Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir. 1995) (quotation omitted). Any challenge to the Alabama statute under which Plaintiff was sentenced is not cognizable under § 1983. *Id*. *See also Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction/sentence or confinement). Rather, the proper vehicle for mounting such a challenge would be a petition under 28 U.S.C. § 2254.

When the effect of granting equitable relief under the civil rights statute would be to substitute a § 1983 action for a federal writ of habeas corpus challenging the basis for ongoing detention, a prisoner fails to state a claim under § 1983. *See Eutzy v. Tesar*, 880 F.2d 1010, 1011 (8th Cir. 1989); *Preiser*, 411 U.S. at 500. A plaintiff, therefore, cannot seek declaratory or injunctive relief relating to his confinement and/or conviction and sentence in

a § 1983 action.³ *See Edwards v. Balisok,* 520 U.S. 641, 648 (1997)*; Heck v. Humphrey,* 512 U.S. 477, 483-89 (1994); *Preiser*, 411 U.S. at 500; *St. Germaine v. Isenhower*, 98 F. Supp.2d 1366, 1373(S.D. Fla. 2000).

In light of the foregoing, the court concludes that any challenge Plaintiff seeks to make with respect to the validity of conviction and/or sentence is due to be dismissed without prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff § 1983 complaint be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii);

2. Plaintiff's challenge to the constitutionality of his conviction and/or sentence under which is currently incarcerated be DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time; and

3. This complaint be DISMISSED prior to service of process.

---

[3] Compensatory and punitive damages are available in a 42 U.S.C. § 1983 action but not by way of a writ of habeas corpus. To recover damages for an allegedly unconstitutional confinement in a civil rights action, a plaintiff must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. 486-87.

It is further

ORDERED that **on or before January 2, 2013**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of December, 2012.

                                                 /s/Charles S. Coody
                                                 CHARLES S. COODY
                                                 UNITED STATES MAGISTRATE JUDGE